## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **LAURA AND ENRIQUE ARREDONDO,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.: _____** |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S NOTICE OF REMOVAL

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ............................................................................................... 1

II.     GROUNDS FOR REMOVAL............................................................................ 2

     A.      Complete Diversity Exists Between the Viable Parties........................................ 2

     B.      The Amount in Controversy Exceeds $75,000. ..................................................... 2

III.    VENUE .............................................................................................................. 5

IV.     PROCEDURAL REQUIREMENTS ................................................................ 5

V.      CONCLUSION................................................................................................. 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allen v. R & H Oil & Gas Co.*,
  63 F.3d 1326 (5th Cir. 1995) ................................................................................3

*Hollinger v. Home State Mut. Ins. Co.*,
  654 F.3d 564 ( 5th Cir. 2011) ...............................................................................2

*HWJ, Inc. v. Burlington Ins. Co.*,
  926 F. Supp. 593 (E.D. Tex. 1996) .......................................................................3

*Johnson v. Dillard Dept. Stores, Inc.*,
  836 F. Supp. 390 (N.D. Tex. 1993) .......................................................................3

*Marcel v. Pool Co.*,
  5 F.3d 81 (5th Cir. 1993) ......................................................................................3

*St. Paul Reinsurance Co., Ltd. v. Greenberg*,
  134 F.3d 1250 (5th Cir. 1998) ..............................................................................4

*Transportation Insurance Company v. Moriel*,
  879 S.W.2d 10 (Tex. 1994)...................................................................................3

*Williams v. State Farm Mutual Automobile Ins. Co.*,
  931 F. Supp. 469 (S.D. Tex. 1995) .......................................................................3

**Statutes**

28 U.S.C. §§ 1332, 1441 and 1446(a).......................................................................1

28 U.S.C. § 1332(a) ....................................................................................................2

28 U.S.C. § 1441(a) ....................................................................................................5

28 U.S.C. § 1446(a) ..................................................................................................5, 6

28 U.S.C. §1446(b) ....................................................................................................6

28 U.S.C. § 1446(d) ...................................................................................................6

Deceptive Trade Practices Act...................................................................................1

Texas Insurance Code Chapter 541 ...........................................................................1

Texas Insurance Code Chapter 542 ..........................................................................1, 4

ACTIVE.122257417.01

Texas Insurance Code Section 542A ..............................................................................................4, 6

**Other Authorities**

Texas Rule of Civil Procedure 169 ..................................................................................................2

ACTIVE.122257417.01

Defendant Allstate Vehicle and Property Insurance Company files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a) and shows as follows:

**I.**
**INTRODUCTION**

1.      This is an insurance coverage and bad faith case. On February 18, 2020, Plaintiffs filed their Original Petition in Cause No. 2020-11158 in the 269th Judicial District Court of Harris County, Texas, initiating a civil cause of action against Defendant. Exhibit E.

2.      Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiffs and Defendant.

3.      Plaintiffs allege multiple causes of action against Defendant related to its handling of a property insurance claim submitted by Plaintiffs. Plaintiffs specifically allege breach of contract; non-compliance with Chapter 542 of the Texas Insurance Code; non-compliance with Chapter 541 of the Texas Insurance Code; breach of the duty of good faith and fair dealing; and violations of the Deceptive Trade Practices Act. Plaintiffs further allege that Defendant's conduct was committed "knowingly" as that term is defined in the Texas Insurance Code.

4.      Allstate received the Citation and Plaintiffs' Original Petition by process server on or about March 2, 2020. Allstate filed its Original Answer to Plaintiffs' Original Petition on March 20, 2020. Exhibit I.

5.      Allstate now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the Harris County state court in which this case was previously pending.

---

**II.**
**GROUNDS FOR REMOVAL**

6.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the viable parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

**A.     Complete Diversity Exists Between the Viable Parties.**

7.     According to Plaintiffs' Original Petition, at the time this action was commenced, Plaintiffs were, and still are, domiciled in Harris County, Texas.

8.     In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence…is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, Plaintiffs are considered Texas citizens.

9.     Allstate is a corporation incorporated under the laws of the State of Illinois, having its principal place of business now and at the time this action was commenced at Northbrook, Cook County, in the State of Illinois. Allstate is now, and was at the time this action was commenced, a citizen of the State of Illinois.

**B.     The Amount in Controversy Exceeds $75,000.**

10.     Plaintiffs pleaded this case as Level 3, indicating that Plaintiffs did not intend to proceed as an expedited action under Texas Rule of Civil Procedure 169. However, Plaintiffs also

pleaded that "Plaintiffs seek only monetary relief of less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." Exhibit E at ¶ 1, 59.

11.     However, the allegations of harm make it facially apparent that the amount in controversy exceeds the $75,000 jurisdictional threshold of this Court. A case may be removed unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Marcel v. Pool Co.*, 5 F.3d 81 (5th Cir. 1993) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 282 (1938)); *Williams v. State Farm Mutual Automobile Ins. Co.*, 931 F. Supp. 469 (S.D. Tex. 1995); *Johnson v. Dillard Dept. Stores, Inc.*, 836 F. Supp. 390 (N.D. Tex. 1993). In assessing whether removal is proper, the Court must first determine whether it is facially apparent that the amount in controversy exceeds $75,000. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995); *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593 (E.D. Tex. 1996). This inquiry is left, at least in part, to the Court's intuition and common sense. *Id; see also Williams*, 931 F. Supp. at 472.

12.     Under the common law in Texas, a "bad faith insurance dispute" has a "three-tier framework for measuring damages…(1) benefit of the bargain damages for an accompanying breach of contract claim, (2) compensatory damages for the tort of bad faith, and (3) punitive damages for intentional, malicious, fraudulent, or grossly negligent conduct." *Transportation Insurance Company v. Moriel,* 879 S.W.2d 10, 17 (Tex. 1994). Plaintiffs claim that Allstate "grossly undervalued the cost of repairs" and that the damages to Plaintiffs' property are currently estimated at $18,265.16. Exhibit E at ¶¶ 12, 14. Plaintiffs further contends that Allstate wrongfully failed and refused to pay Plaintiffs per the terms of the applicable Allstate policy. As evidenced by the certified copy of the policy,

excerpts of which are attached hereto as Exhibit L,[1] the full proceeds of the policy total $521,335 which is comprised of $289,703 for the insured dwelling, $28,971 for other structures, and $173,822 for Plaintiffs' personal property. This amount is, in and of itself, well in excess of the jurisdictional limits of this court.

13.     Plaintiffs also seek a per annum penalty on the amount of their claim under Section 542 of the Texas Insurance Code, additional or treble damages under the DTPA for knowing and intentional conduct, exemplary damages, prejudgment interest and attorneys' fees. Exhibit E at ¶¶ 55-58. These are all elements of the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1252-53 (5th Cir. 1998).

14.     On December 19, 2019, Plaintiffs sent their pre-suit notice letter to Allstate per Texas Insurance Code Section 542A. Exhibit K. In it, Plaintiffs state: "[s]hould this matter proceed to litigation, we shall request the trier of fact to compensate Plaintiff [sic] $61,279.61 which represents the total amount in controversy. That is, all monetary damages including actual damage, penalty and interest and reasonable and necessary attorney's fees for time expended in assisting our client in this matter through resolve." *Id.* at p. 2. However, at the time of the December 19, 2019 letter, Plaintiffs only claimed $450 in attorneys' fees. *Id.* If this case proceeds to trial, and Plaintiffs prevail, Plaintiffs will certainly seek many multiples of $450. If Plaintiffs' are awarded treble damages, the actual damages figure will be tripled. Were Plaintiffs to prevail on all pleaded damages, Plaintiffs' trebled actual damages plus attorneys' fees through trial plus statutory interest would exceed $75,000.

15.     Finally, to foreclose any confusion regarding the pleadings, counsel for Allstate asked Plaintiffs' counsel if she would stipulate to damage below $75,000. If Plaintiffs agreed to the

---

[1] Allstate only attaches the relevant pages of the Policy.

stipulation, Defendant would not remove this case to federal court. However, Plaintiffs' counsel stated she could not so stipulate. Exhibit M.

16.     Considering the foregoing evidence in conjunction with Allstate's potential contractual liability to Plaintiffs, together with Plaintiffs' *pre-suit* demand in excess of $61,000, as well as Plaintiffs' refusal to stipulate to damages below $75,000, it is apparent that the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.

## III.
## VENUE

17.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 269th Judicial District Court of Harris County, Texas, and a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in that district.

## IV.
## PROCEDURAL REQUIREMENTS

18.     Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the state court action |
| C. | Filing Letter filed February 18, 2020 |
| D. | Civil Case Information Sheet filed February 18, 2020 |
| E. | Plaintiffs' Original Petition filed in the 269th Judicial District Court of Harris County, Texas on February 18, 2020 (Cause No. 2020-11158) |
| F. | Request for Citation on Allstate Vehicle and Property Insurance Company filed February 18, 2020 |
| G. | Citation Issued on Allstate Vehicle and Property Insurance Company filed February |

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| | 21, 2020 |
| **H.** | Return of Service of Citation on Allstate Vehicle and Property Insurance Company filed March 4, 2020 |
| **I.** | Defendant Allstate Vehicle and Property Insurance Company's Original Answer to Plaintiffs' Original Petition filed in the 269th Judicial District Court of Harris County, Texas on March 20, 2020 (Cause No. 2020-11158) |
| **J.** | List of Counsel of Record |
| **K.** | True and correct copy of Plaintiffs' pre-suit notice letter sent pursuant to Texas Insurance Code Section 542A on December 19, 2019 |
| **L.** | True and correct copy of the certified copy of Plaintiffs' policy with Allstate Vehicle and Property Insurance Company (relevant excerpts, only) |
| **M.** | True and correct copy of the March 2020 email exchange between counsel regarding request to stipulate to damages below $75,000 |

19.     This Notice of Removal is being filed within 30 days of service of the citation and Plaintiffs' Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiffs and Allstate with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

20.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

21.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

22.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 269th Judicial District Court of Harris County, Texas promptly after filing of same.

**V.**

**CONCLUSION**

23.     Allstate respectfully requests that the above-captioned action now pending in 269th

Judicial District Court of Harris County, Texas be removed to the United States District Court for the

Southern District of Texas, Houston Division.

                                    Respectfully Submitted,


                                    */s/ Susan E. Egeland*
                                    W. NEIL RAMBIN
                                    ATTORNEY-IN-CHARGE
                                    State Bar No. 16492800
                                    Southern District No. 5450
                                    rambindocket@faegredrinker.com

                                    OF COUNSEL:
                                    SUSAN E. EGELAND
                                    State Bar No. 24040854
                                    Southern District No. 1804016
                                    susan.egeland@faegredrinker.com
                                    SARA E. INMAN
                                    State Bar No. 24073098
                                    Southern District No. 3008974
                                    sara.inman@faegredrinker.com
                                    FAEGRE DRINKER BIDDLE & REATH LLP
                                    1717 Main Street, Suite 5400
                                    Dallas, Texas 75201
                                    (469) 357-2500 (Telephone)
                                    (469) 327-0860 (Fax)

                                    **ATTORNEYS FOR DEFENDANT**


**CERTIFICATE OF SERVICE**

        This is to certify that a true and correct copy of the foregoing document has been served on
all counsel of record in accordance with the Federal Rules of Civil Procedure on March 31, 2020.

                                    */s/ Susan E. Egeland*
                                    SUSAN E. EGELAND

---