# EXHIBIT E

2/18/2020 3:08 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40930274
By: Courtni Gilbert
Filed: 2/18/2020 3:08 PM

CAUSE NO. _____

| | | |
|---|---|---|
| LAURA AND ENRIQUE ARREDONDO, | § § | IN THE JUDICIAL COURT OF |
| *Plaintiffs,* | § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | § § § | |
| *Defendant.* | § § | \_\_\_\_\_ DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Laura and Enrique Arredondo, ("Plaintiffs"), and files **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Vehicle and Property Insurance Company ("Allstate") (or "Defendant") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2. Plaintiffs, Laura and Enrique Arredondo, reside in Harris County, Texas.

3. Defendant, Allstate Vehicle and Property Insurance Company, is an Illinois insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Allstate Vehicle and Property Insurance Company, through its registered agent for service: **c/o C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**. Plaintiffs request service at this time.

## JURISDICTION

4. The Court has jurisdiction over Allstate because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

## VENUE

5. Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6. Plaintiffs assert claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiffs own an Allstate Vehicle and Property Insurance Company insurance policy, number 829361069 ("the Policy"). At all relevant times, Plaintiffs owned the insured premises located at **25015 Galium Meadow Drive, Tomball Texas 77375** ("the Property").

8. Allstate Vehicle and Property Insurance Company or its agent sold the Policy, insuring the Property, to Plaintiffs. Allstate Vehicle and Property Insurance Company represented to Plaintiff that the Policy included hail and windstorm. On or about May 9, 2019, the Property sustained extensive damage resulting from a severe storm that passed through the Tomball/Harris County, Texas area.

9. In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to Allstate against

2

the Policy for damage to the Property. Allstate assigned claim number 0562715508 to Plaintiffs' claim.

10. Plaintiffs asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

11. Allstate hired or assigned its agent, Wright, to inspect and adjust the claim. Wright conducted an inspection on or about October 7, 2019, according to the information contained in his estimate. Wright's findings generated an estimate of damages totaling $2,324.81. After application of depreciation and $5,794.00 deductible, Plaintiffs were left without adequate funds to make repairs on the entirety of their claim.

12. Allstate, through its agent, Wright, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

13. Allstate and Wright have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. Specifically, Wright found damage to only the ridge edge cap and ridge cap of Plaintiffs' roof. The third-party inspector hired to review the damage to the Property found damage to roof, vents, and flashings. In addition, the third-party inspector found damage to the fence that was completely absent from Wright's estimate.

14. The damage to Plaintiff's Property is currently estimated at $18,265.16.

15. Wright had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Wright.

16. Furthermore, Wright was aware of Plaintiffs' deductible prior to inspecting the Property. Wright had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

17. Wright misrepresented the actual amount of damage Plaintiffs' Property sustained in addition to how much it would cost to repair the damage. Wright made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

18. After reviewing Plaintiffs' Policy, Wright misrepresented that the damage was caused by non-covered perils. Wright used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy.

19. As stated above, Allstate and Wright improperly and unreasonably adjusted Plaintiffs' claim. Without limitation, Allstate and Wright misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiffs' claim or loss under the Policy.

20. Allstate and Wright made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Allstate and Wright made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Wright.

21. Plaintiffs relied on Allstate and Wright's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these

4

misrepresentations.

22. Upon receipt of the inspection and estimate reports from Wright, Allstate failed to assess the claim thoroughly. Based upon Wright's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Allstate failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

23. Because Allstate and Wright failed to provide coverage for Plaintiff's insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs' Property.

24. Furthermore, Allstate and Wright failed to perform their contractual duties to Plaintiffs under the terms of the Policy. Specifically, Wright performed an unreasonable and substandard inspection that allowed Allstate to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

25. Allstate and Wright's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

26. Allstate and Wright's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Allstate and Wright have failed to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, Allstate and Wright have failed to, in an honest

and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

27. Allstate and Wright's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Allstate and Wright failed to provide Plaintiffs a reasonable explanation for underpayment of the claim.

28. Additionally, after Allstate received statutory demand on or about 12/19/2019, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

29. Allstate and Wright's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Wright performed a biased and intentionally substandard inspection designed to allow Allstate to refuse to provide full coverage to Plaintiffs under the Policy.

30. Specifically, Allstate and Wright performed an outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

31. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Wright subpar inspection, Allstate failed to reasonably accept or deny Plaintiffs full and entire claim within the statutorily mandated time after receiving all necessary information.

32. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of

Claims. TEX. INS. CODE §542.056. Due to Wright's intentional undervaluation of Plaintiffs' claims, Allstate failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Wright's understatement of the damage to the Property caused Allstate to delay full payment of Plaintiff's claim longer than allowed, and Plaintiffs have not received rightful payment for Plaintiffs' claim.

33. Allstate and Wright's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

34. All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

35. Allstate is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiffs.

36. Allstate's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

7

37.. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

38. Allstate's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

39. Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

40. Allstate's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

41. Allstate's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
THE PROMPT PAYMENT OF CLAIMS**

42. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

8

43. Allstate's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

44. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

45. Allstate's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

46. Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Allstate pursuant to the DTPA. Plaintiffs have met all conditions precedent to bring this cause of action against Allstate. Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

    A. By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Allstate's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become

9

reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B. Allstate represented to Plaintiffs that the Policy and Allstate's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C. Allstate represented to Plaintiffs that Allstate's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F. Allstate's actions are unconscionable in that Allstate took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G. Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

10

47. Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiffs' damages. All of Allstate's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

48. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

49. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

50. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claims in violation of the laws set forth above.

51. Plaintiffs currently estimates that actual damages to the Property under the Policy are $18,265.16.

52. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiffs' damages, which

include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

53. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claims, consequential damages, together with attorney's fees.

54. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

55. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of his claims, plus a per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

56. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Allstate owed, exemplary damages, and damages for emotional distress.

57. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery

of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

58. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

59. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of less than $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

60. Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

61. Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendant, Allstate Vehicle and Property Insurance Company, be cited and served to appear and that upon trial hereof, Plaintiffs, Laura and Enrique Arredondo recover from Defendant, Allstate Vehicle and Property Insurance Company such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Tara L. Peveto
Bar No. 24076621
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF